IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY GRAVES, TERRY GALLAGHER,
SHAY SMITH and HENRY CROCKER,

      Plaintiffs,

vs.                                        No. CIV 98-464-MV/DS

TERRELL TUCKER, PATRICK JENNINGS,
and MIKE BAKER, individually and in their
official capacities, and THE CHAVES
COUNTY SHERIFF'S DEPARTMENT and
THE COUNTY OF CHAVES,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss on the Grounds of Res Judicata and the Tort Claims Act **[Doc. No. 5]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion will be **GRANTED IN PART** and **DENIED IN PART**, as explained below.

### BACKGROUND

Plaintiffs Gary Graves, Terry Gallagher, Shay Smith and Henry Crocker are all employed as law enforcement personnel by the Chaves County Sheriff's Department. These individuals are also plaintiffs in another suit currently pending before Judge Parker of this Court, *Baca v. Chaves County*, CIV-97-207-JP/LFG, filed February 16, 1997. In *Baca*, Plaintiffs allege that the County of Chaves violated the Fair Labor Standards Act by failing to provide plaintiffs overtime compensation for periods outside of their normal shifts when they were required to carry beepers and remain "on-call"

1

for emergency assignments. In the present case, Plaintiffs again allege violations of the Fair Labor Standards Act, as well as violations of their constitutional rights and common law torts for actions taken against them by Defendants allegedly in retaliation for Plaintiffs filing of the *Baca* case. The named Defendants are the former Sheriff, Terrell Tucker, the former Deputy Sheriff and then Sheriff, Patrick Jennings, and the former Deputy Sheriff Mike Baker, as well as the County of Chaves Sheriff's Department and the County of Chaves.

Defendants have filed what is captioned a motion to dismiss, apparently pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that all of Plaintiffs' claims are barred by the doctrine of res judicata. Defendants further argue that Plaintiffs' claims sounding in Tort are barred because the Plaintiffs did not provide notice within the statutorily proscribed time period and because immunity from suit has not been waived pursuant to the New Mexico Tort Claims Act. Finally, Defendants seek dismissal of the individual defendants whom they argue are not proper parties.

## STANDARD OF REVIEW

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416

U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## ANALYSIS

**1.    Res Judicata**

Defendants assert that the doctrine of res judicata bars Plaintiffs' claims in this suit because Plaintiffs have or could have raised the same issues in the *Baca* case currently pending before Judge Parker. State law controls resolution of res judicata issues. *See Stieber v. Journal Publishing Co.*, 127 F.3d 1109 (10th Cir. 1997). As Defendants correctly note, the New Mexico Supreme Court has adopted the definition of res judicata contained in the Restatement (Second) of Judgements §§ 24 and 25, which provides, in pertinent part,

> (1) [w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

*Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 694-96, 652 P.2d 240, 244-46 (1982), overruled on other grounds by *Universal Life Church v. Coxon*, 105 N.M. 57, 728 P.2d 467 (1986).

As this definition makes clear, the doctrine of res judicata requires a valid and final judgement in the previous action before the doctrine will operate to preclude a later filed claim. In the absence of a final judgment, the Court cannot determine whether a particular issue has been or could have been fully adjudicated in the earlier case. Res judicata simply has no application in a situation like this in which the previous action remains pending. Therefore, that portion of Defendant's Motion to Dismiss based on the doctrine of res judicata is **DENIED**.

**2.     New Mexico Tort Claims Act**

Next Defendants argued that Plaintiffs claims for intentional infliction of emotional distress, prima facie tort and despoliation of evidence should be dismissed because Plaintiffs failed to provide notice of the claims within the statutorily proscribed period and because the New Mexico Tort Claims Act does not waive immunity for these causes of action. Finding the second argument well taken, the Court will not addresses the first.

Section 41-4-4 of the New Mexico Tort Claims Act ("Tort Claims Act") states: "a governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by sections 41-4-5 through 41-4-12 NMSA 1978." N.M.Stat.Ann. § 41-4-4 (Michie 1989 & Supp.1994). Under this statute, all Defendants in this case (the County of Chaves, the Chaves County Sheriff's Department, and the individual Defendants who were all allegedly acting in the course of their employment) are immune from the tort based claims unless Plaintiffs can identify a specific provision of the Tort Claims Act waiving such immunity. *See Methola v. County of Eddy*, 95 N.M. 329, 334, 622 P.2d 234, 239 (NM Sp. Ct. 1980) ("The right to sue and any recovery under the New Mexico Tort Claims Act is limited to the rights, procedures, limitations and conditions prescribed in that Act.")

Plaintiffs make no argument that immunity has been waived for the claims of prima facie tort or despoliation of evidence.[1] The Court therefore deems that Plaintiffs have consented to the dismissal of these counts. *See* Local Civil Rules 7.5(b).

Further, none of the delineated exceptions to the general grant of immunity contained in 41-4-4 NMSA could possibly apply to this case with the exception of 41-4-12 NMSA which provides that:

> immunity . . . does not apply to liability for bodily injury, wrongful death or property damage resulting from assault, battery, . . . or deprivation of any right, privileges or immunities secured by the Constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

Plaintiffs apparently assert that this passage waives immunity with regard to law enforcement officers for the tort of intentional infliction of emotional distress. However, as plainly stated in *Romero v. Otero*, 768 F.Supp. 1535, 1540 (Dist. NM 1987), "the Tort Claims Act does not waive the immunity of law enforcement officers for this cause of action standing alone as a common law tort." Plaintiffs correctly note that the *Romero* court continued to observe that damages for emotional distress were available for other torts for which immunity had been waived such as assault. *Id*. While this may be true, it remains the case that the plain language of the statute does not waive immunity for this cause of action "standing alone," as the *Romero* court specifically held. Moreover, nothing in the language nor the history of the Tort Claims Act "indicates an intent to permit actions against law enforcement officers under the situations presented in [this] case." *Methola*, 95 N.M. at 333, 622 P.2d at 238.

---

[1] Plaintiffs' Response to Defendant's Motion to Dismiss states "while a claim of waiver may constitute an affirmative defense, it should not serve as the basis of a motion to dismiss." At p. 10. Because Plaintiffs have failed to cite any legal authority to support this statement, the Court will not address this argument. *See Brownlee v. Lear Siegler Management Servs. Corp.*, 15 F.3d 976, 977-78 (10th Cir.), *cert. denied*, 114 S.Ct. 2743 (1994) ("Conclusory [assertion] without sufficient citation to authority is not adequate . . . argument.").

Because Defendants are immune from suit on the common law torts of intentional infliction of emotional distress, prima facie tort and despoliation of evidence, Plaintiffs have failed to state claims on which relief may be granted as to these counts. *Romero v. Otero*, 768 F.Supp. at 1540; *Tafoya v. Bobroff*, 865 F.Supp. 742, 747 (Dist. NM 1994) . Therefore, Defendant's motion to dismiss these counts will be **GRANTED**.

### 3.  Individuals as Parties to the Suit

Finally, Defendants argue that under the Fair Labor Standards Act, only the County of Chaves is a proper party to this action. As Plaintiffs point out, the individual named Defendants and the Chaves County Sheriff's Department may be liable under the 42 U.S.C. § 1983 claims raised in the complaint. *Hafer v. Melo*, 502 U.S. 21, 26, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). The named individuals are therefore proper parties to this case, with the exception of Mike Baker who is deceased and thus not a proper party to the suit and shall be dismissed from the cause of action.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss on the Grounds of Res Judicata and the Tort Claims Act **[Doc. No. 5]** is hereby **GRANTED IN PART** and **DENIED IN PART**. Accordingly, Plaintiffs' count V (Intentional Infliction of Emotional Distress), count VI (Prima Facie Tort), and VIII (Despoliation of Evidence) are hereby **DISMISSED WITH PREJUDICE** and Defendant Mike Baker is **DISMISSED FROM THE CAUSE OF ACTION**.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Robert Beauvais

Attorneys for Defendants:
Elizabeth German
Daniel Ulibarri